VINCENT M. SPOHN (CSB #092334)
VINCENT M. SPOHN, A PROFESSIONAL CORPORATION
1005 Jefferson Street
P.O. Box 5748
Napa, CA  94581-0748
Telephone: (707) 255-1885
Facsimile: (707) 255-0974

Attorney for PRINTING STRATEGY, INC. and
CHARLES BARTLETT aka CHARLES O. BARTLETT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLESH COMPANY<br><br>            Plaintiff,<br><br>vs.<br><br>PRINTING STRATEGY, INC.; CHARLES BARTLETT; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.  C 07-04786 CW<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Fed. R. Civ.P. 26(a)(1)<br><br>Date: January 8, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom 2 |

      Defendant/Third-Party Complainant Printing Strategy, Inc. and Third-Party Defendant, Central Transport hereby present this Joint Case Management Statement.

      1.     <u>Jurisdiction and Service</u>:  This action is a civil action of which this Court has original jurisdiction pursuant to Title 28 U.S.C. Sections 1331 and 1337, and is one which may be removed to this Court by Defendant pursuant to Title 28 U.S.C. Section 1441 (a) and (b), in that the action is founded on a claim or right arising under the Constitution, treaties or laws of the United States.  Third-party defendant Best Way Freight has not been served.  Third-Party Complainant requests that this Court permit an additional 45 days for service to be effectuated.

2. <u>Facts</u>: Defendant/Third-Party Complainant Printing Strategy, Inc. purchased business forms from Plaintiff The Flesh Company, which shipped them to Printing Strategy's customer using Best Way Freight Company and/or Central Transport as carriers. The goods are alleged to have been damaged upon arrival at Defendant/Third-Party Complainant Printing Strategy, Inc.'s customer.

3. <u>Legal Issues</u>: Liability and damages.

4. <u>Motions</u>: Third-Party Defendant Central Transport contemplates a motion for summary judgment regarding liability and/or applicable limitations of liability.

5. <u>Amendment of Pleadings</u>: None contemplated.

6. <u>Evidence Preservation</u>: To the best of their knowledge, the parties have preserved all known evidence.

7. <u>Disclosures</u>: The parties have not yet made their initial disclosures, but intend to do so within 15 days of the date of the Initial Case Management Conference in this matter.

8. <u>Discovery</u>: Document Production Request, Special Interrogatories and Requests to Admit have been served by Plaintiff The Flesh Company upon Defendant/Cross-Complainant Printing Strategy, Inc., which has responded, and plans similar discovery upon all parties within 45 days. Third-Party Defendant Central Transport will serve written discovery on all parties within 30 days.

9. <u>Class Actions</u>: N/A.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff seeks payment for damages to goods shipped. Defendant/Third-Party Complainant Printing Strategy, Inc. seeks compensation for damaged goods, which damages are based upon amount due Plaintiff.

12. <u>Settlement and ADR</u>: The parties have met and conferred regarding ADR options. Defendant/Third-Party Complainant Printing Strategy, Inc. and Central Transport are amenable to participation in Early Neutral Evaluation or an early settlement conference.

13. <u>Consent to Magistrate Judge for All Purposes</u>: Defendant/Third-Party Complainant Printing Strategy, Inc. consents.

14. <u>Other References</u>: Defendant/Third-Party Complainant feels that binding arbitration is suitable. Central Transport is not amenable to binding arbitration at this time.

15. <u>Narrowing of Issues</u>: The parties should be able to agree upon stipulated facts, at least in part, based on original purchase transaction and relevant transportation documents.

16. <u>Expedited Schedule</u>: Defendant/Cross-Complainant Printing Strategy, Inc. asserts that the simplicity of issues and law makes this case ideal for expedited disposition.

17. <u>Scheduling</u>: Should be postponed pending service of Best Way Freight.

18. <u>Trial</u>: Court trial requested by Printing Strategy, Inc. and Central Transport.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Defendant/Third-Party Complainant Printing Strategy, Inc. and Central Transport have not yet filed a "Certificate of Interested Entities or Persons," but will do so prior to the Initial Case Management Conference. Third-Party Defendant Best Way Freight Company, as yet unserved, has a financial and legal interest in this proceeding because it was one of the parties who shipped the goods.

20. <u>Disposition</u>: Given the amount of damages, this case should be sent to ADR as soon as all parties are served.

Dated: January 2, 2007                    VINCENT MARTIN SPOHN, A.P.C.


                                          /s/ Vincent M. Spohn
                                          VINCENT M. SPOHN.
                                          Attorney for PRINTING STRATEGY, INC. and
                                          CHARLES BARTLETT aka CHARLES O. BARTLETT


Dated: January 2, 2007                    HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP



                                          /s/ Christina Nugent
                                          Christina Nugent
                                          Attorneys for CENTRAL TRANSPORT

SIGNATURES UNDER GENERAL ORDER NO. 45

Pursuant to General Order No. 45 of the United States District Court, Northern District of California, I, Christina M. Nugent -- the ECF User whose User ID and Password are used in the filing of this document -- hereby attest that the concurrence to the filing of this document has been obtained from the other signatory to this document.

/s/ Christina M. Nugent
Christina M. Nugent

PROOF OF SERVICE

I, Kim L. Hering, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *The Flesh Company v. Printing Strategy, Inc.;* that my business address is 980 Ninth Street, Suite 1500, Sacramento, California 95814. On January 2, 2008, I served a true and accurate copy of the document(s) entitled:

**JOINT CASE MANAGEMENT STATEMENT**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

Vincent M. Spohn, Esq.  
Vincent M. Spohn, APC  
1005 Jefferson Street  
Napa, CA  94558

Jay M. Tenenbaum, Esq.  
Seals & Tenenbaum  
2323 W. Lincoln Avenue, Suite 127  
Anaheim, CA  92801

[X] (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 980 Ninth Street, Suite 1500, Sacramento, California 95814. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

[ ] (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via _____ to the party(ies) so designated on the service list.

[ ] (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax. Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful. A copy of the Telefax report indicating successful transmission is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on January 2, 2008 at Sacramento, California.

Kim L. Hering

1355041.1