HANSON BRIDGETT LLP
WILLIAM D. TAYLOR - 114449
CHRISTINA M. NUGENT - 199646
980 Ninth Street, Suite 1500
Sacramento, CA 95814
Telephone: (916) 442-3333
Facsimile: (916) 442-2348
cnugent@hansonbridgett.com

Attorneys for Defendant
CENTRAL TRANSPORT

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLESH COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PRINTING STRATEGY, INC.<br><br>Defendant. | Case No. 07-04786 CW<br><br>**CROSS-DEFENDANT CENTRAL TRANSPORT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**<br><br>DATE: June 12, 2008<br>TIME: 2:00 p.m.<br>CTRM: 2, Fourth Floor |
| PRINTING STRATEGY, INC.,<br><br>Cross-complainant,<br><br>v.<br><br>BEST WAY FREIGHT COMPANY; CENTRAL TRANSPORT; and THE FLESH COMPANY, and DOES 1-20,<br><br>Cross-defendant. | |

- 1 -
CROSS-COMPLAINANT'S MOT. TO DISMISS FOR FAILURE TO PROSECUTE

1453338.1

## I. INTRODUCTION

On April 22, 2008, this court held a Case Management Conference in this matter. At the conclusion of that hearing, the Court ordered third-party defendant Central Transport ("Central") to: (1) file a motion to dismiss this action for failure to prosecute; and, (2) file a motion to dismiss the corresponding state court action on the ground that the case was removed. Per the Court's order, this is Central's motion to dismiss for failure to prosecute.

## II. STATEMENT OF FACTS

Plaintiff, The Flesh Company, initiated this action on August 1, 2006, filing its complaint against Defendant, Printing Strategy, Inc., in the Superior Court for the State of California, Napa County, Case No. 26-34438 (the "underlying complaint"). The underlying complaint seeks payment of charges due for the printing of business forms ordered by Printing Strategy. Printing Strategy alleges that it has not paid the amount due because the shipment of forms arrived at its destination in a damaged condition. A copy of the underlying complaint is attached as Exhibit A to the Declaration of Christina Nugent ("Nugent Decl."), filed herewith.

On July 11, 2007, Printing Strategy filed its Cross-complaint[1] against Cross-defendants Best Way Freight Company, Central and The Flesh Company. On September 14, 2007, Central filed its answer to the Cross-complaint in the state court action. On September 17, Central filed a Notice of Removal of Action in the United States District Court for the Northern District of California, and the case was assigned to this Court. Counsel for The Flesh Company received notice of Central's action when counsel was served with Central's "Notice to State Court Of Removal of Action" (mailed on September 19, 2007) and "Notice to Adverse Party of Removal to Federal Court" (also mailed on September 19, 2007). (See Declaration of Kim L. Hering ("Hering Decl."), Exhibits A and B.)

---

[1] Because the pleading was filed in state court, it was styled a "cross-complaint." For the purpose of this federal court action, it is a third-party complaint and counterclaim.

- 2 -

CROSS-COMPLAINANT'S MOT. TO DISMISS FOR FAILURE TO PROSECUTE

1453338.1

The Court scheduled an Initial Case Management Conference for January 8, 2008, at which counsel for Printing Strategy and Central appeared. The Flesh Company had notice of this hearing. (See Hering Decl., ¶ 3.) In fact, counsel for Central left a message for Attorney Tenenbaum seeking his participation in preparation of the Joint Case Management Statement. (See Nugent Decl., ¶ 3.) The call was not returned, but The Flesh Company was served with the Joint Case Management Conference Statement of the other parties, which referenced the hearing date and time. (See Hering Decl., Exhibit C.) Nevertheless, The Flesh Company did not appear. The Court continued the Case Management Conference to April 22, 2008. Again, counsel for Printing Strategy and Central Transport appeared; The Flesh Company did not, notwithstanding the fact that it was served with notice of the hearing. (See Hering Decl., Exhibit D.)

In addition to being served with notices of these hearings, The Flesh Company received by facsimile (with valid confirmations) no fewer than four letters written by Christina Nugent to the Court, wherein the dates and times of the Case Management Conferences were referenced. (See Nugent Decl., Exhibit B (collectively).)

On May 5, 2008, the state court conducted a hearing on the status of the state court action. In connection with that hearing, Central filed a pleading setting forth the status of the federal court action. (See Nugent Decl., Exhibit C.) Central also requested that the state court dismiss the action pending there on the basis that the case was removed to the federal court. All parties appeared at the May 5, 2008 hearing in the state court. During the course of that hearing, Mr. Seals, counsel for plaintiff, The Flesh Company, represented to the court that his client had not appeared in the federal court action because it had not received notice of the proceedings there, but that the case was properly removed and his client would now appear. Mr. Seals also stated that it would be appropriate to either dismiss (without prejudice) the state court action or stay it pending proceedings in the federal court. The state court judge declined to dismiss the state court action, noting that she did not believe she had jurisdiction to do so because

the case had been removed. The state court action is now stayed, with the parties scheduled to return on November 5, 2008 to report to the court the status of the case.[2] (Nugent Decl., ¶ 6.)

By this motion, Central requests that this Court dismiss the entire action for failure to prosecute as authorized by Federal Rule of Civil Procedure 41(b). Since removal of this case to Federal Court, and despite having received notice of the removal and all proceedings scheduled by the Court, The Flesh Company has failed to appear or prosecute its action. Moreover, it has failed to contest removal of the action by filing a motion to remand the matter to state court. Given these facts, this Court and the other parties to this action can only assume that The Flesh Company has abandoned its lawsuit.[3]

### III.   LEGAL ARGUMENT

**A.   Plaintiff's Failure To Prosecute This Action With Reasonable Diligence And Its Failure To Comply With The Court's Orders Warrants Dismissal Under Rule 41(b).**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss an action "If the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Unless the dismissal order states otherwise, a dismissal pursuant to this provision operates as an adjudication on the merits.

A district court must weigh five factors in determining whether to dismiss a case pursuant to Rule 41(b): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

---

[2] Counsel for Central will request today a reporter's transcript of those proceedings, which will be submitted to this Court when the transcript is received.

[3] Counsel for Central acknowledges that this Court may wish to proceed on a different basis in consideration of The Flesh Company's appearance at the state court hearing and its representations therein that it would now appear in this action; however, considering this Court's express order that counsel file a motion to dismiss for failure to prosecute, counsel for Central felt bound to comply with the Court's order. The motion is still worthy of consideration in view of the fact that it is not plausible that The Flesh Company did not receive any of the numerous notices it received by mail and fax.

- 4 -

CROSS-COMPLAINANT'S MOT. TO DISMISS FOR FAILURE TO PROSECUTE

1453338.1

Dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal. *Id.* Analysis of the five factors reveals that dismissal is appropriate in this matter.

### 1. The Public's Interest In Expeditious Resolution Of Litigation And The Court's Interest In Docket Control Strongly Support Dismissal

The public's interest in expeditious resolution of litigation and this Court's need to manage its docket strongly favor dismissal. Indeed, the public's interest in expeditious resolution of litigation always favors dismissal. *Yourish*, 191 F.3d at 990. That is especially true here. This action has been pending for seven months, but has not proceeded past preliminaries because The Flesh Company has yet to appear or challenge the Court's jurisdiction by way of a motion to remand.[4] Plaintiff's failure to prosecute this action has caused this action to be delayed unnecessarily, thereby consuming the Court's time and resources. Under the circumstances, these two factors strongly support dismissal. *See Yourish*, 191 F.2d at 990-91.

### 2. The Risk Of Prejudice To Other Parties Strongly Favors Dismissal

The risk of prejudice to the other parties to this action also strongly favors dismissal. As stated on the record at the April 22 Case Management Conference, the other parties to this action have no claims against one another absent the Plaintiff first establishing liability against defendant Printing Strategy on the underlying complaint. Thus, unless Plaintiff pursues one or more claims for relief, the other parties to this action and the Court need not expend their resources, both with regard to time and money, litigating the case.

The failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). "The law presumes injury

---

[4] Those would be the only two options for The Flesh Company: (1) appear, or (2) file a motion to remand. There is no authority to support the proposition that only the third-party complaint was removed and, to Central's knowledge, The Flesh Company does not so contend.

from unreasonable delay." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

### 3. Less Drastic Sanctions Are Not Feasible

Plaintiff was served with the Notice of Removal of this action, and likewise received notice of both Case Management Conferences, and numerous items of correspondence referencing these matters. Plaintiff has ignored the case altogether, leaving the Court and counsel to guess as to Plaintiff's position and intent.

The Court directed Central Transport to file this motion to dismiss for failure to prosecute as a means of compelling Plaintiff to respond, appear and state its position, to the extent Plaintiff desires to pursue the claims set forth in the underlying complaint. Unless Plaintiff does so, there exist no less drastic sanctions available to address Plaintiff's failure to participate in the case.

In sum, four of the five factors strongly support dismissal of this action. The public policy favoring disposition of cases on their merits is not sufficient to outweigh the other four factors, particularly since the Plaintiff has not taken any steps to pursue its claims. Accordingly, an order of dismissal is appropriate.

### B. Alternatively, The Court May Use Its Inherent Power To Order Dismissal

This Court has inherent power sua sponte to dismiss an action as a sanction for "conduct which abuses the judicial process." *See Hernandez v. Garza*, 138 F.3d 393, 398 (9th Cir. 1998). The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Courts have inherent equitable power to impose terminating sanctions for "failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987).

///

///

## IV. CONCLUSION

For all of the reasons stated herein, this Court should dismiss this action for failure to prosecute. Plaintiff cannot explain its ignorance of the proceedings in this Court considering the many notices and forms of notice it received. On this basis, Central respectfully requests that its motion be granted.[5]

DATED: May 5, 2008               HANSON BRIDGETT LLP


                                 By: *Christina Nugent*
                                 CHRISTINA NUGENT
                                 Attorneys for Defendant
                                 CENTRAL TRANSPORT

---

[5] Because Plaintiff is not on the court's electronic service system, this motion is being served by overnight delivery, with delivery tracking.

- 7 -

CROSS-COMPLAINANT'S MOT. TO DISMISS FOR FAILURE TO PROSECUTE

1453338.1

# PROOF OF SERVICE

I, Kim L. Hering, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *The Flesh Company v. Printing Strategy, Inc.;* that my business address is 980 Ninth Street, Suite 1500, Sacramento, California 95814. On May 5, 2008, I served a true and accurate copy of the document(s) entitled:

**CROSS-DEFENDANT CENTRAL TRANSPORT'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 41(b)**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

| | |
|---|---|
| Vincent M. Spohn, Esq. | Jay M. Tenenbaum, Esq. |
| Vincent M. Spohn, APC | Seals & Tenenbaum |
| 1005 Jefferson Street | 2323 W. Lincoln Avenue, Suite 127 |
| Napa, CA  94558 | Anaheim, CA  92801 |

☐ (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 980 Ninth Street, Suite 1500, Sacramento, California  95814. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

☒ (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via _____ to the party(ies) so designated on the service list.

☐ (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax. Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful. A copy of the Telefax report indicating successful transmission is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on May 5, 2008 at Sacramento, California.

*/s/ Kim Hering*
Kim L. Hering

1355041.1