```
JAY M. TENENBAUM, ESQ. Bar No. 134221
SEALS & TENENBAUM
ATTORNEYS AT LAW
2323 W. LINCOLN AVE., SUITE 127
ANAHEIM, CALIFORNIA 92801
(714) 991-9131

ATTORNEYS FOR: PLAINTIFF,
THE FLESH COMPANY
```

**ENDORSED**

AUG 0 1 2006

Clerk of the Napa Superior Court
By _____ L. WALKER _____
                    Deputy

## DELAY REDUCTION CASE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF NAPA, NAPA COURTHOUSE

CASE MANAGEMENT CONFERENCE
DATE: 1-8-07
TIME: 8:30am
PLACE: Courtroom A
825 Brown Street, Napa CA 94559

| | |
|---|---|
| THE FLESH COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PRINTING STRATEGY, INC.; CHARLES BARTLETT; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 26-34438<br><br>DEMAND = $10,608.30<br><br>COMPLAINT FOR:<br>1. BREACH OF CONTRACT<br>2. OPEN BOOK ACCOUNT<br>3. ACCOUNT STATED<br>4. BREACH OF PERSONAL GUARANTEE<br><br>LIMITED CIVIL CASE |

Plaintiff, THE FLESH COMPANY, ("Plaintiff") alleges:

1. Plaintiff is, and at all times herein mentioned was, a foreign corporation engaged in interstate commerce.

2. Plaintiff is informed and believes and thereupon alleges that Defendant, PRINTING STRATEGY, INC., is and was is and was a California Corporation where its principal business address is in this judicial district.

3. Plaintiff is informed and believes and thereupon alleges that Defendant, CHARLES BARTLETT, is and was an individual doing business where its principal address is in this judicial district.

---
138760                          COMPLAINT
This is an attempt to collect a debt. Any information obtained will be used for that purpose.

4. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the defendants sued herein as Does 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to show the true name and capacities of the fictitiously named Doe defendants when Plaintiff ascertains same.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
## AGAINST ALL DEFENDANTS

5. Plaintiff incorporates by reference paragraphs 1 through 4, inclusive, of this Complaint as though wholly set forth herein.

6. Plaintiff alleges that on or about DECEMBER 12, 2003, a written agreement was made between THE FLESH COMPANY and PRINTING STRATEGY, INC.; CHARLES BARTLETT; DOES 1 to 10, inclusive. By the terms of said agreement, Plaintiff agreed to provide services to Defendant(s). Defendant(s) promised to pay Plaintiff for all services provided.

7. On or about OCTOBER 18, 2004 Defendants(s), and each of them, breached the agreement by failing to pay for services which had been provided at their special instance and request. Demand for the outstanding balance owed of $10,608.30 was made upon Defendant(s), and each of them. Defendant(s), and each of them, have failed and refused and continue to fail and refuse to pay the remaining balance due.

8. Plaintiff has performed all obligations to Defendant(s) except those obligations Plaintiff was prevented or excused from performing.

9. Plaintiff suffered damages legally (proximately) caused by Defendant(s) breach of the agreement in the sum of $10,608.30 which is the outstanding balance and reasonable value now due, owing and unpaid, despite Plaintiff's demands, plus prejudgment interest thereon at the rate of 10 percent per annum from OCTOBER 18, 2004.

10. Plaintiff is entitled to attorney fees by an agreement or a statute according to proof.

2

138760 COMPLAINT

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

## SECOND CAUSE OF ACTION

## OPEN BOOK ACCOUNT

## AGAINST ALL DEFENDANTS

11. Plaintiff incorporates by reference paragraphs 1 through 10, inclusive, of this Complaint as though wholly set forth herein.

12. As an alternative and cumulative remedy, Plaintiff alleges that PRINTING STRATEGY, INC.; CHARLES BARTLETT; DOES 1 to 10, inclusive became indebted to PLAINTIFF within the last four years on an open book account for work, labor, services and materials rendered at the special instance and request of Defendant and for which Defendant promised to pay Plaintiff.

13. Although demand for payment of the sum of $10,608.30 has been made upon Defendant(s), and each of them, Defendant(s), and each of them, have failed and refused and continue to fail and refuse to pay said sum. The sum of $10,608.30 remains now due, owing and unpaid from Defendants to Plaintiff, together with interest thereon at the rate of ten (10) per annum from OCTOBER 18, 2004.

14. Plaintiff entitled to attorney fees pursuant to California Civil Code Section 1717.5, in a sum according to proof.

## THIRD CAUSE OF ACTION

## ACCOUNT STATED

## AGAINST ALL DEFENDANTS

15. Plaintiff incorporates by reference paragraphs 1 through 14, inclusive, of this Complaint as though fully set forth herein.

16. As an alternative and cumulative remedy, Plaintiff alleges PRINTING STRATEGY, INC.; CHARLES BARTLETT; DOES 1 to 10, inclusive became indebted to Plaintiff because an account was stated in writing by and between Plaintiff and Defendant(s) in which it was agreed that Defendant was indebted to Plaintiff for work, labor, services and materials in the sum of $10,608.30.

3

138760                                COMPLAINT

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

17. Although demand for payment of the sum of $10,608.30 has been made upon Defendant(s), and each of them, Defendant(s), and each of them, have failed and refused, and continue to fail and refuse to pay said sum. The sum of $10,608.30 remains now due, owing and unpaid from Defendant(s) to Plaintiff, together with interest at the rate of ten (10) percent per annum from OCTOBER 18, 2004.

## FOURTH CAUSE OF ACTION
## BREACH OF PERSONAL GUARANTEE
## AGAINST DEFENDANT CHARLES BARTLETT

18. Plaintiff incorporates by reference paragraphs 1 through 17, inclusive, of this Complaint as though fully set forth herein.

19. As an alternative and cumulative remedy, Plaintiff is informed and believes and thereon alleges that on or about DECEMBER 12, 2003, Defendant CHARLES BARTLETT, as guarantor, executed and delivered to Plaintiff his/her signed Personal Guarantee. A true and correct copy of said Guarantee is attached hereto as Exhibit "A" and by this reference is incorporated herein. Under the terms of said Guarantee, said Defendant CHARLES BARTLETT, as Guarantor, for valuable consideration, agreed to be primarily liable to Plaintiff for the payment of all sums which were then due or which might thereafter become due to Plaintiff on account of any extension of credit to Defendant PRINTING STRATEGY, INC.

20. Defendant CHARLES BARTLETT is indebted to Plaintiff in the principal sum of $10,608.30 as is more fully set forth in the First Cause of Action. Although demand has been made for payment, neither said sum nor any part thereof has been paid, and there is still due, owing and unpaid the sum of $10,608.30.

21. Defendant breached the personal guarantee with Plaintiff by failing to pay Plaintiff the sum of $10,608.30.

22. Pursuant to the terms of the written guarantee, Plaintiff is entitled to recover reasonable attorney's fees and other costs of collection incurred in enforcing the terms of the personal guarantees against Defendant, in the sum according to proof at the time of trial.

4

138760                              COMPLAINT
This is an attempt to collect a debt. Any information obtained will be used for that purpose.

WHEREFORE, Plaintiff prays for judgment against Defendant(s), and each of them, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For the principal sum of $10,608.30;
2. For interest at the rate of 10 per annum from on and after OCTOBER 18, 2004;
3. For reasonable attorneys fees according to proof;

### ON THE SECOND CAUSE OF ACTION

4. For the principal sum of $10,608.30;
5. For interest at the rate of ten (10) percent per annum from on and after OCTOBER 18, 2004;
6. For reasonable attorneys fees pursuant to California Civil Code Section 1717.5 in a sum according to proof;

### ON THE THIRD CAUSE OF ACTION

7. For the principal sum of $10,608.30;
8. For interest at the rate of ten (10) percent per annum from on and after OCTOBER 18, 2004;

### ON THE FOURTH CAUSE OF ACTION

9. For the principal sum of $10,608.30;
10. For interest at the rate of 10 percent per annum from OCTOBER 18, 2004;
11. For reasonable attorney's fees according to proof;

///
///
///
///
///
///
///

5

138760                                 COMPLAINT

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

<u>ON ALL CAUSES OF ACTION</u>

12. For cost of suit incurred herein; and

13. For such other and further relief as this Court may deem just and proper.

14. PLAINTIFF REMITS ALL DAMAGES IN EXCESS OF THE JURISDICTIONAL AMOUNT OF THIS COURT.

DATED: July 18, 2006                    SEALS & TENENBAUM

                                        by: _____
                                            JAY M. TENENBAUM, ESQ.
                                            Attorneys for Plaintiff

138760                                  6
                                    COMPLAINT
This is an attempt to collect a debt. Any information obtained will be used for that purpose.