HANSON BRIDGETT LLP
WILLIAM D. TAYLOR - 114449
CHRISTINA M. NUGENT - 199646
980 Ninth Street, Suite 1500
Sacramento, CA 95814
Telephone: (916) 442-3333
Facsimile: (916) 442-2348
cnugent@hansonbridgett.com

Attorneys for Defendant
CENTRAL TRANSPORT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLESH COMPANY,<br><br>                Plaintiff,<br><br>        v.<br><br>PRINTING STRATEGY, INC.<br><br>                Defendant. | Case No. 07-04786 CW<br><br>**DECLARATION OF KIM L. HERING IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**<br><br>DATE:   June 12, 2008<br>TIME:   2:00 p.m.<br>CTRM:   2, Fourth Floor |
| PRINTING STRATEGY, INC.,<br><br>                Cross-complainant,<br><br>        v.<br><br>BEST WAY FREIGHT COMPANY; CENTRAL TRANSPORT; and THE FLESH COMPANY, and DOES 1-20,<br><br>                Cross-defendant. | |

///

///

///

///

- 1 -

DECL. OF KIM L. HERING IN SUPPORT OF MOTION TO DISMISS

1459973.1

I, Kim L. Hering, declare:

1. I am a Legal Secretary at the law firm of Hanson Bridgett LLP. I work as an assistant to Christina Nugent, counsel for Central Transport, a party to this action. I have been employed as a legal secretary at Hanson Bridgett LLP for approximately five years. Prior to my employment with Hanson Bridgett LLP, I was employed as a legal secretary and executive assistant for over fifteen years. I have personal knowledge of the facts stated herein, and if called upon to do so, could and would competently testify to these facts.

2. In my role as a legal secretary, I am responsible for serving pleadings (complaints, answers, etc.), motions, deposition notices, and other litigation papers on parties to various actions. I am also responsible for transmitting, by mail, overnight delivery and facsimile, numerous types of correspondence on behalf of Ms. Nugent. I am familiar with procedures relative to all of these job duties.

3. I mailed to counsel for The Flesh Company, Jay Tenenbaum, the entire packet of documents and notices that we received from this Court when this case was removed. This packet included, among many other things, ADR information and the notice setting the Initial Case Management Conference in this matter. Ms. Nugent instructed me to mail these documents to Mr. Tenenbaum. I have a specific recollection of her giving me the instruction, and of completing the task. I never received back this packet as "undeliverable" or "insufficient postage."

4. Attached hereto as Exhibit A is a true and correct copy of the proof of service regarding Central Transport's "Notice to State Court Of Removal of Action," a copy of which was served on counsel for plaintiff as stated in the proof of service. I never received back the document as "undeliverable" or "insufficient postage."

5. Attached hereto as Exhibit B is a true and correct copy of the proof of service regarding Central Transport's "Notice to Adverse Party of Removal to Federal Court," a copy of which was served on counsel for plaintiff as stated in the proof of service. I never received back the document as "undeliverable" or "insufficient postage."

1  6. Attached hereto as Exhibit C is a true and correct copy of the proof of service regarding the Joint Case Management Conference Statement in regard to the January 8, 2008 Case Management Conference. A copy of the Statement was served on counsel for plaintiff as stated in the proof of service. I never received back the document as "undeliverable" or "insufficient postage."

7. Following the January 8, 2008 Case Management Conference, I mailed to counsel for The Flesh Company notice of the continued Case Management Conference scheduled for March 11, 2008. When that hearing was continued to April 22, 2008 to accommodate Ms. Nugent's medical leave, I also mailed to counsel for The Flesh Company a notice indicating the new hearing date and time. A true and correct copy of that notice is attached hereto as Exhibit D. I never received back either of these notices as "undeliverable" or "insufficient postage."

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. This declaration was executed in Sacramento, California on the date written below.

Dated: 5/5/09

_____
Kim L. Hering

DECL. OF KIM L. HERING IN SUPPORT OF MOTION TO DISMISS     1459973.1


# PROOF OF SERVICE

I, Kim L. Hering, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *The Flesh Company v. Printing Strategy, Inc.;* that my business address is 980 Ninth Street, Suite 1500, Sacramento, California 95814. On May 5, 2008, I served a true and accurate copy of the document(s) entitled:

**DECLARATION OF KIM L. HERING IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

Vincent M. Spohn, Esq.  
Vincent M. Spohn, APC  
1005 Jefferson Street  
Napa, CA 94558

Jay M. Tenenbaum, Esq.  
Seals & Tenenbaum  
2323 W. Lincoln Avenue, Suite 127  
Anaheim, CA 92801

☐ (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 980 Ninth Street, Suite 1500, Sacramento, California 95814. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

☒ (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via _____ to the party(ies) so designated on the service list.

☐ (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax. Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful. A copy of the Telefax report indicating successful transmission is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on May 5, 2008 at Sacramento, California.

*/s/ Kim L. Hering*  
Kim L. Hering

1355041.1