# ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

The HONORABLE FRANCISCA P. TISHER, Judge

--oOo--

THE FLESH COMPANY,                    )
                                      )
                    Plaintiff,        )
                                      )
        vs.                           ) No. 26-34438
                                      )
PRINTING STRATEGY, INC., et al.,      )
                                      )
                    Defendants.       )
_____)

--oOo--

REPORTER'S TRANSCRIPT OF PROCEEDINGS

AT TIME OF HEARING

--oOo--

Napa, California
Monday, May 5, 2008
8:30 o'clock a.m.

Reported by:

DIANE ERICKSON WHEELER, CSR No. 5237

--oOo--

A P P E A R A N C E S

--oOo--

For the People:                    SEALS & TENENBAUM
                                   Attorneys at Law
                                   2323 West Lincoln Avenue
                                   Anaheim, California  92801


                                   BY:  PHILBERT SEALS
                                   Attorney at Law



For the Defendant:                 VINCENT M. SPOHN
                                   Attorney at Law
                                   1005 Jefferson Street
                                   Napa, California  94559



For the Cross-Defendant:           CHRISTINA M. NUGENT
                                   Attorney at Law
                                   980 Ninth Street, Suite 1500
                                   Sacramento, CA  95814

--oOo--

I N D E X

--oOo--

|  | PAGE |
|---|---|
| APPEARANCES | 1 |
| PROCEEDINGS | 1 |
| REPORTER'S CERTIFICATE | 12 |

--oOo--

4

1    May 5, 2008                                    8:30 a.m.

2                            --oOo--

3          The above-entitled matter came on regularly

4    this day for hearing before the Honorable

5    FRANCISCA P. TISHER, Judge.

6          SEALS & TENENBAUM, Attorneys at Law, 2323 West

7    Lincoln Avenue, Suite 127, Anaheim, California  92801,

8    represented by PHILBERT SEALS, Attorney at Law, appeared

9    as counsel on behalf of the Plaintiff, via court call.

10          VINCENT M. SPOHN, Attorney at Law, 1005

11    Jefferson Street, Napa, California  94559, appeared as

12    counsel on behalf of the Defendant.

13          CHRISTINA M. NUGENT, Attorney at Law, 980

14    Ninth Street, Suite 1500, Sacramento, California  95814,

15    appeared as counsel on behalf of Cross-Defendant Central

16    Transport, via court call.

17          The Honorable FRANCISCA P. TISHER, Judge

18    presiding.

19          DIANE ERICKSON WHEELER, CSR No. 5237, Official

20    Shorthand Reporter for the County of Napa, was duly

21    present and acting.

22          The following proceedings were then and there

23    had and taken, to wit:

24                  P R O C E E D I N G S

25          THE COURT:  Flesh Company versus Printing

26    Strategy, Incorporated.

27          MR. SEALS:  Phil Seals on behalf of Flesh

28    Company.

1          MS. NUGENT:  Good morning, your Honor.

2     Christina Nugent on behalf of Central Transport.

3          THE COURT:  Would you spell your last name.

4          MS. NUGENT:  Nugent, N-u-g-e-n-t.

5          MR. SPOHN:  Vincent Spohn for the defendant,

6     Printing Strategies.

7          THE COURT:  Mr. Spohn, if you would please

8     speak right into the microphone.

9          I saw that this matter was removed from state

10    court on September 17, 2007.  What is current status of

11    the case?

12         MS. NUGENT:  Well, your Honor, the federal

13    court judge, Judge Wilkin, is waiting to schedule the

14    case pending an appearance in that court by the

15    plaintiff, The Flesh Company.  And to date that has not

16    yet occurred.

17         So I was directed to request that the state

18    court action be removed, or I'm sorry, be dismissed,

19    because the matter is now pending in federal court, and

20    to concurrently prepare a Motion to Dismiss for failure

21    to prosecute and submit that in the federal court.

22         THE COURT:  Mr. Seals, what's your position?

23    You're the plaintiff's counsel.

24         MR. SEALS:  My position, your Honor, is that

25    we've been unaware that we had to or were required to

26    make an appearance in the federal court.  We assumed

27    that since it had been removed to the federal court,

28    that not only the case was removed, but we as attorneys

6

1   were in the federal court.

2           So counsel has informed me of something today

3   that I was unaware of before.  I think that the case

4   should be either dismissed by the Court, or without

5   prejudice, or the Court would stay it.  I do not know

6   what's going to occur in the federal court.

7           THE COURT:  Well, Mr. Seals, what are you

8   asking me to do today?  What would you like me to do

9   with this case today?

10          MR. SEALS:  I would prefer to see it stayed

11  for six months, your Honor, and that -- and in six

12  months it could be be dismissed without prejudice.

13          We'll make an appearance in federal court, if

14  that is required, and we'll pursue it in the federal

15  court.  It has been entirely removed to the federal

16  court.  And the only reason I don't want it dismissed

17  today is I want to make sure that after we're actually

18  of record in the federal court, I want to make sure it's

19  going to move forward there.

20          THE COURT:  This court doesn't have

21  jurisdiction to dismiss in any event, because it's been

22  removed from the state court.  I'm just -- we're just

23  trying to track this case to make sure that something

24  happens with it.

25          Let me ask you, Mr. Spohn, do you have any

26  objection to this being stayed for six months?

27          MR. SPOHN:  No.

28          THE COURT:  All right.  Why don't we --

7

1    Ms. Nugent?

2                MS. NUGENT:  Yes.

3                THE COURT:  Do you agree that this court

4    doesn't have any jurisdiction to dismiss?  We're just

5    trying to track it.  So I would agree with Mr. Seals to

6    put it over for six months, and if in fact it's

7    appropriate for him to dismiss this action, if it's

8    resolved in the federal court, then presumably he will.

9    And if not, we can take a look at it in six months.

10                MS. NUGENT:  That would make perfect sense to

11   me, your Honor.

12                The only thing I would ask, since this is my

13   first opportunity to speak with Mr. Seals, is that

14   because we've be serving him with notices of the federal

15   court proceedings, and apparently he has not received

16   those, when the call is over, I would appreciate it if

17   he would call me to confirm his contact information so

18   that we can make sure we're getting those pleadings to

19   him.

20                MR. SEALS:  May I have your telephone number?

21                MS. NUGENT:  Sure it's (916) 551-2928.

22                MR. SEALS:  Thank you, Ms. Nugent.

23                MS. NUGENT:  Thank you.

24                THE COURT:  On this case, before we select a

25   new court date, the deputy just informed me as well that

26   there is a party in this case.

27                Would you like state your appearance, sir?

28                MR. BARTLETT:  Well, I got --

8

1      THE COURT:  Just pull up the microphone and
2  state your name.
3      MR. BARTLETT:  Okay.  Okay.  My names is
4  Charles James Bartlett.
5      THE COURT:  Everyone hear that?
6      MS. NUGENT:  Yes, your Honor.
7      MR. BARTLETT:  All right.  I got a letter
8  similar to this about a year ago.  And what I did is I
9  settled it over the phone, and I went to the Self Help
10  Center.  And I live in Fremont.
11      Forget the details of what's going on here,
12  but there was a Charles Bartlett served, but I'm another
13  Charles Bartlett.  I don't live here.  I never have
14  lived here in Napa.  In fact, with the exception of the
15  time I came out last year from work to go to the Self
16  Help Center, that was the first time I've ever been to
17  Napa.  This is the second time, and I had to take time
18  off work to come here.
19      And --
20      MR. SPOHN:  Your Honor --
21      MR. BARTLETT:  The attorney keeps on sending
22  me these letters, and the last time it came to this
23  court it was dismissed.  And this is the second letter I
24  got.  And if I don't show up, it sounds like I'm going
25  to get stuck with this $10,000 fine.  Thank you.
26      THE COURT:  Thank you.  Thank you very much
27  for bringing this to our attention.
28      Mr. Seals, did you hear Mr. Bartlett?

9

```
 1          MR. SEALS:  I did, your Honor.  And I
 2    apologize to the Mr. Bartlett that is before you at this
 3    time.  He was, in fact, mistakenly served in this
 4    action, and we did subsequently dismiss him from this
 5    action.
 6          THE COURT:  On what date did you dismiss --
 7          MR. SEALS:  -- and the other who is actually
 8    defendant, and Charles O. Bartlett.
 9          THE COURT:  And Mr. Seals, on what date did
10    you enter a dismissal against Mr. Bartlett that we have
11    present here today?
12          MR. SEALS:  I guess I'd have to thumb through
13    my file here, but do I have a dismissal here.  If you
14    would hold on just a minute, your Honor, perhaps I can
15    find it.  I see that --
16          THE COURT:  I see it here.  February 2nd,
17    2007.
18          MR. SPOHN:  Who was dismissed then, your
19    Honor?
20          THE COURT:  Charles Bartlett.
21          MR. SPOHN:  What's the middle initial?
22          THE COURT:  Doesn't have it.
23          MR. SEALS:  That can be changed, your Honor,
24    to the Charles James Bartlett.  So insofar as we are
25    concerned, that's his middle name.  We did not sue him
26    as Charles James Bartlett.  We merely sued him as
27    Charles.  And so we dismissed him as Charles.
28          THE COURT:  Well, will you file an amended
```

10

1    dismissal and send it to Mr. Charles James Bartlett so

2    that he isn't inconvenienced any further and doesn't

3    have to be concerned about having a huge judgment on his

4    record?

5        MR. SEALS:  Yes, we will, your Honor.  I have

6    a letter from him in my file, as well as his California

7    driver's license.

8        I may I just inquire, is he at the same

9    address he was when he wrote this letter to us in 2006

10   at 4255 Garland Drive in Fremont, California?

11       MR. BARTLETT:  That's correct, 94536.

12       MR. SEALS:  Yes.  I will -- I will file a new

13   dismissal, your Honor, and I will dismiss it showing

14   Charles James Bartlett, and I'll send a copy to

15   Mr. Bartlett at his address in Fremont, California, and

16   I'll file appropriate pleadings in the Court to show

17   that that's been dismissed.

18       THE COURT:  Thank you.  Let's pick the new

19   date.  November 7th?

20       MS. NUGENT:  Okay.

21       THE COURT:  Excuse me.  November 5th, 2008.

22   November 5th, 2008, at 8:30, in Department A.

23       Thank you, Mr. Bartlett.

24       MS. NUGENT:  That works for me, your Honor.

25       MR. SEALS:  That's entirely satisfactory, your

26   Honor.

27       MR. SPOHN:  Thank you, your Honor.

28       THE COURT:  Thank you.  That will conclude

11

1    this matter.

2              MS. NUGENT:   Thank you.

3              MR. SEALS:   Thank you.

4              THE COURT:   Thank you, Mr. Bartlett.   Sorry

5    for the inconvenience.

6              MR. BARTLETT:   Thank you.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

```
1    STATE OF CALIFORNIA  )
                          )  ss.
2    COUNTY OF NAPA       )

3

4

5               CERTIFICATE OF SHORTHAND REPORTER

6          I, DIANE ERICKSON WHEELER, CSR No. 5237, a

7    duly qualified and acting Official Shorthand Reporter of

8    the Superior Court of the State of California, in and

9    for the County of Napa, do hereby certify:

10         That I acted as the Certified Shorthand

11   Reporter in the case of THE FLESH COMPANY versus

12   PRINTING STRATEGY, INC., et al., NSC No. 26-34438.

13         That I took down in shorthand writing the

14   testimony and proceedings had therein.

15   That thereafter I transcribed the same into typewriting.

16         That the foregoing pages 1 through 11,

17   inclusive, comprise a full, true and correct transcript

18   of proceedings had.

19         Dated this 15th day of May, 2008.

20

21                    _____
                      DIANE ERICKSON WHEELER
22                    CSR No. 5237
                      Official Shorthand Reporter
23                    County of Napa
                      State of California
24

25                    --oOo--

26

27

28
```