HANSON BRIDGETT LLP
WILLIAM D. TAYLOR (51689)
CHRISTINA NUGENT (199646)
cnugent@hansonbridgett.com
980 Ninth Street, Suite 1500
Sacramento, CA 95814
Telephone: (916) 442-3333
Facsimile: (916) 551-3381

Attorneys for CENTRAL TRANSPORT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLESH COMPANY<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PRINTING STRATEGY, INC.;<br>CHARLES BARTLETT; and DOES 1<br>through 10, inclusive,<br><br>　　　　　Defendants. | Case No. C 07-04786 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Fed. R. Civ.P. 26(a)(1)<br><br>Date: June 12, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 2 |

　　　　Defendant/Third-Party Complainant Printing Strategy, Inc. and Third-Party Defendant, Central Transport hereby present this Joint Case Management Statement.

　　　　1.　　<u>Jurisdiction and Service</u>: This action is a civil action of which this Court has original jurisdiction pursuant to Title 28 U.S.C. Sections 1331 and 1337, and is one which may be removed to this Court by Defendant pursuant to Title 28 U.S.C. Section 1441 (a) and (b), in that the action is founded on a claim or right arising under the Constitution, treaties or laws of the United States.

　　　　Third-party defendant Best Way Freight has not been served. Third-Party Complainant has submitted a motion to this Court requesting that it be permitted to serve Best Way Freight. That

motion is set for hearing at the same date and time as the Case Management Conference in this action.

2. <u>Facts</u>: Defendant/Third-Party Complainant Printing Strategy, Inc. purchased business forms from Plaintiff The Flesh Company, which shipped them to Printing Strategy's customer using Best Way Freight Company and/or Central Transport as carriers. The goods are alleged to have been damaged upon arrival at Defendant/Third-Party Complainant Printing Strategy, Inc.'s customer.

3. <u>Legal Issues</u>: Liability and damages.

4. <u>Motions</u>: Presently pending is Central Transport's Motion To Dismiss For Failure To Prosecute, which is set for hearing at the time of the Case Management Conference with regard to this matter. Also pending is Printing Strategy, Inc.'s Motion To For Leave To Amend Its Third-Party Complaint/Motion to Serve, as referenced in paragraph 1 herein. Third-Party Defendant Central Transport contemplates a motion for summary judgment regarding liability and/or applicable limitations of liability if the case proceeds.

5. <u>Amendment of Pleadings</u>: Printing Strategy, Inc. desires to amend its Third-Party Complaint as stated in its motion.

6. <u>Evidence Preservation</u>: To the best of their knowledge, the parties have preserved all known evidence.

7. <u>Disclosures</u>: The parties have not yet made their initial disclosures, but intend to do so within 15 days of the date on which the Court rules on the pending motions, if necessary.

8. <u>Discovery</u>: Document Production Request, Special Interrogatories and Requests to Admit have been served by Plaintiff The Flesh Company upon Defendant/Cross-Complainant Printing Strategy, Inc., which has responded, and plans similar discovery upon all parties if this action proceeds. The Flesh Company, Plaintiff on the underlying complaint, has yet to appear in this Court, and the action between Printing Strategy, Inc. and Central Transport is based upon Plaintiff first establishing the liability of Printing Strategy, Inc. for Plaintiff's damages. In the absence of Plaintiff prosecuting its case, there exists no dispute between Printing Strategy, Inc. and Central Transport.

9. <u>Class Actions</u>: N/A.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff seeks payment for damages to goods shipped. Defendant/Third-Party

Complainant Printing Strategy, Inc. seeks compensation for damaged goods, which damages are based upon amount due Plaintiff.

12. <u>Settlement and ADR</u>: The parties have met and conferred regarding ADR options. Defendant/Third-Party Complainant Printing Strategy, Inc. and Central Transport are amenable to participation in Early Neutral Evaluation or an early settlement conference.

13. <u>Consent to Magistrate Judge for All Purposes</u>: Defendant/Third-Party Complainant Printing Strategy, Inc. consents.

14. <u>Other References</u>: Defendant/Third-Party Complainant feels that binding arbitration is suitable. Central Transport is not amenable to binding arbitration at this time.

15. <u>Narrowing of Issues</u>: The parties should be able to agree upon stipulated facts, at least in part, based on original purchase transaction and relevant transportation documents.

16. <u>Expedited Schedule</u>: Defendant/Cross-Complainant Printing Strategy, Inc. asserts that the simplicity of issues and law makes this case ideal for expedited disposition.

17. <u>Scheduling</u>: Should be postponed pending service of Best Way Freight and appearance of Plaintiff, The Flesh Company, if any.

18. <u>Trial</u>: Court trial requested by Printing Strategy, Inc. and Central Transport.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Central Transport has submitted its Certificate of Interested Parties.

20. <u>Disposition</u>: Given the amount of damages, this case should be sent to ADR as soon as all parties are served.

Dated: June 5, 2008                    VINCENT MARTIN SPOHN, A.P.C.


                                       /s/ Vincent M. Spohn
                                       VINCENT M. SPOHN.
                                       Attorney for PRINTING STRATEGY, INC. and
                                       CHARLES BARTLETT aka CHARLES O. BARTLETT

Dated: June 5, 2008                    HANSON BRIDGETT LLP


                                       _____/s/  Christina Nugent_____
                                       Christina Nugent
                                       Attorneys for CENTRAL TRANSPORT

## SIGNATURES UNDER GENERAL ORDER NO. 45

Pursuant to General Order No. 45 of the United States District Court, Northern District of California, I, Christina Nugent -- the ECF User whose User ID and Password are used in the filing of this document -- hereby attest that the concurrence to the filing of this document has been obtained from the other signatory to this document.

/s/ Christina Nugent
Christina Nugent

# PROOF OF SERVICE

I, Kim L. Hering, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *The Flesh Company v. Printing Strategy, Inc.;* that my business address is 980 Ninth Street, Suite 1500, Sacramento, California 95814. On June 5, 2008, I served a true and accurate copy of the document(s) entitled:

## JOINT CASE MANAGEMENT STATEMENT

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

| | |
|---|---|
| Vincent M. Spohn, Esq.<br>Vincent M. Spohn, APC<br>1005 Jefferson Street<br>Napa, CA  94558 | Jay M. Tenenbaum, Esq.<br>Seals & Tenenbaum<br>2323 W. Lincoln Avenue, Suite 127<br>Anaheim, CA  92801 |

☐ (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 980 Ninth Street, Suite 1500, Sacramento, California 95814. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

☒ (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via __UPS.__ to the party(ies) so designated on the service list.

☐ (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax. Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful. A copy of the Telefax report indicating successful transmission is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on June 5, 2008 at Sacramento, California.

*/s/ Kim Hering*
Kim L. Hering

1355041.1