HANSON BRIDGETT LLP
WILLIAM D. TAYLOR - 114449
CHRISTINA M. NUGENT - 199646
980 Ninth Street, Suite 1500
Sacramento, CA 95814
Telephone: (916) 442-3333
Facsimile: (916) 442-2348
cnugent@hansonbridgett.com

Attorneys for Defendant
CENTRAL TRANSPORT

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLESH COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRINTING STRATEGY, INC.<br><br>　　　　Defendant. | Case No. 07-04786 CW<br><br>**CROSS-DEFENDANT CENTRAL TRANSPORT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION RE: MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**<br><br>DATE:　June 12, 2008<br>TIME:　2:00 p.m.<br>CTRM:　2, Fourth Floor |
| PRINTING STRATEGY, INC.,<br><br>　　　　Cross-complainant,<br><br>　v.<br><br>BEST WAY FREIGHT COMPANY; CENTRAL TRANSPORT; and THE FLESH COMPANY, and DOES 1-20,<br><br>　　　　Cross-defendant. | |

- 1 -
CROSS-COMPLAINANT'S REPLY IN RE: MOT. TO DISMISS FOR
FAILURE TO PROSECUTE

1485892.1

## I. INTRODUCTION

Plaintiff, The Flesh Company, in its tardy opposition to this motion, does not begin to explain its lack of attention to this lawsuit, a case that it initiated and of which it had notice of various proceedings, as demonstrated in Central Transport's moving papers and the declarations filed in support of plaintiff's opposition. Plaintiff's counsel does not address the repeated failure to appear at Case Management Conferences, or the failure to timely oppose this motion, except to say that: (1) we didn't receive "it" (whatever it may be); (2) if we received it, we didn't calendar it; and, (3) if we calendared it, the "plate was full," so we failed to oppose it.

Certainly, attorneys make errors. If the declarations submitted by plaintiff's counsel demonstrated an isolated oversight, it would be appropriate for this Court to move forward and schedule the case without consequence to plaintiff or its counsel. The story told by way of the declarations submitted in support of plaintiff's opposition to this motion tells a very different story, however. Plaintiff's counsel's conduct in this case demonstrates a pattern of failure to comply with this Court's orders and rules, even if inadvertent. As such, plaintiff's opposition to this motion should be disregarded and the motion for failure to prosecute should be granted. In the event the Court believes that plaintiff should not be punished for the conduct of its counsel, this Court should impose monetary sanctions against plaintiff's counsel commensurate with the expenses incurred by Central Transport in having to prepare its motion.

## III. LEGAL ARGUMENT

### A. Plaintiff's Opposition Is Tardy, And Should Be Disregarded.

Civil Local Rule 7-3(a) provides, "Any opposition to a motion must be served and filed not less than 21 days before the hearing date." The hearing on this motion is set for June 12, 2008. Therefore, any opposition to this motion was due on or before May 22, 2008. Plaintiff's papers were filed and received by counsel for Central Transport on June 5, 2008. Thus, plaintiff's opposition was not timely.

Plaintiff's counsel received the notice in regard to this motion, as acknowledged by the declaration of Amy Owens, the calendar clerk at the firm that represents plaintiff. (See Declaration of Amy Owens, submitted June 4, 2008, ¶ 6; see also, Delivery Confirmation,

attached to Supplemental Declaration of Christina Nugent, Exh. B.) Ms. Owens goes on to attest that she gave the papers to an attorney in the firm for the purpose of preparing an opposition, and reminded the attorney at weekly calendar meetings that the motion had not yet been opposed. (See Owens Decl., ¶ 6.) The motion was not opposed because it was assigned to Randall Baker, an associate whose "plate was full." (See Declaration of Randall A. Baker, submitted June 4, 2008, ¶ 5.) These are not legitimate excuses for failing to oppose this motion in a timely manner. For this reason, this Court should disregard plaintiff's opposition and supporting declarations.

### B. Plaintiff's Counsel Fails To Proffer A Credible Explanation For The Failure To Appear And Oppose This Motion.

Plaintiff has not proffered a reasonable or credible explanation for its failure to appear in this matter and to oppose this motion in a timely manner. Plaintiff's counsel received the Notice of Initial Case Management Conference. (Owens Decl., ¶ 4.) The firm also received the Notice of Removal to Federal Court, with Exhibits. (See Declaration of Jay Tenenbaum, submitted June 4, 2008, ¶ 5.) Notwithstanding receipt of these documents, plaintiff did not appear or inquire of anyone as to the status of the case.

As noted in Central Transport's moving papers, numerous facsimiles making reference to proceedings in this case were received by plaintiff's counsel. (See Nugent Decl. in Support of Motion to Dismiss, Exhibit B.) Notice of the April 22, 2008 Case Management Conference in this matter was also sent to plaintiff's counsel. (See Hering Decl. in Support of Motion to Dismiss, Exhibit D.) The declarations submitted in support of plaintiff's opposition do not address the substance of these facts.

Instead, plaintiff's counsel seems to contend that, because this case is a "garden variety" collection case, it should not be in this Court. (See Declarations of Jay Tenenbaum [¶ 3], Philbert Seals [¶ 3] and Randall Baker [¶ 3], filed in support of Opposition to Motion.) The nature of the case is irrelevant to the issue at hand -- whether there is a justification for plaintiff's failure to appear in this Court and participate in the litigation. If, in fact, plaintiff does not agree that

- 3 -
CROSS-COMPLAINANT'S REPLY IN RE: MOT. TO DISMISS FOR
FAILURE TO PROSECUTE

1485892.1

personal jurisdiction or subject matter jurisdiction are proper in this forum, plaintiff should have submitted a motion setting forth its legal argument. It cannot simply fail to appear.

The same is true of plaintiff's assertion that there was "very little need" for Central Transport to remove the case to this Court. It is not a justification for plaintiff's failure to appear or timely oppose this motion.

It is also not relevant that the moving papers with regard to this motion were addressed to Mr. Tenenbaum and not Mr. Seals. Mr. Tenenbaum filed the underlying complaint in this action. Thus, it was appropriate to address the papers to him. Regardless, the declarations submitted by plaintiff expressly acknowledge that this motion was received, calendared, and assigned to an attorney for handling. Nevertheless, this motion was not timely opposed.

### C.  Sanctions Are Appropriate.

Sanctions for the failure to comply with this Court's orders and rules are appropriate based upon the failure of plaintiff's counsel to proffer a credible explanation for its failure in this regard. Because Local Rule 7-8 requires that a motion for sanctions be separately submitted and heard, Central Transport will not now set forth its arguments and evidence with regard to sanctions. Central Transport requests, however, that it be permitted to notice and submit a motion for sanctions based upon the facts set forth in plaintiff's opposition and supporting declarations. Central Transport should be awarded fees and expenses relating to the preparation of this motion, a motion that would not have been necessary had plaintiff's counsel taken note of any one of the many notices and items of correspondence that would have altered them to the proceedings in this matter.

///
///
///
///
///
///
///

- 4 -
CROSS-COMPLAINANT'S REPLY IN RE: MOT. TO DISMISS FOR
FAILURE TO PROSECUTE

1485892.1

## III. CONCLUSION

Plaintiff failed to timely oppose this motion, and did not offer a valid justification for failing to do so. For this reason, Central Transport's motion to dismiss should be granted.

DATED: June 9, 2008								HANSON BRIDGETT LLP


										By: /s/ Christina M. Nugent
										CHRISTINA NUGENT
										Attorneys for Defendant
										CENTRAL TRANSPORT