**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE FLESH COMPANY,

    Plaintiff,

  v.

PRINTING STRATEGY, INC.,

    Defendant.
_____/

PRINTING STRATEGY, INC.,

    Third Party Plaintiff,

  v.

BEST WAY FREIGHT COMPANY; CENTRAL TRANSPORT; and THE FLESH COMPANY,

    Third Party Defendants.
_____/

No. C 07-4786 CW

ORDER DENYING THIRD PARTY DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND

    Third Party Defendant Central Transport (Central) has filed a motion to dismiss Plaintiff The Flesh Company's complaint for failure to prosecute. Plaintiff The Flesh Company opposes the motion. The motion was heard on June 12, 2008. Having considered the parties' papers, the Court DENIES Central's motion.

BACKGROUND

On September 17, 2007, Central removed this case from Napa County Superior Court. Case management conferences were held in this Court on January 8, 2008 and April 22, 2008. Plaintiff did not appear at either conference. On May 6, 2008, Central filed this motion to dismiss for failure to prosecute and noticed it for hearing on June 12, 2008. Any opposition to the motion was due by May 22, 2008. See Civ. L. R. 7-3(a). On June 5, 2008, Plaintiff appeared in the case for the first time and filed an opposition to the motion to dismiss.

Counsel for Plaintiff acknowledge that the September 14, 2007 notice of removal was served on the firm. In the opposition, counsel state that the notice and related documents "were never entered into the counsels [sic] case tracking system. As a result of the same, the Plaintiff was unaware of what conferences and or hearings were scheduled in the federal court." Opposition at 2-3. Counsel for Plaintiff also acknowledge that the firm received copies of letters from Central to the Court regarding the case management conferences. Those letters included the dates and times of the conferences. See Nugent Decl., Ex. B. However, counsel for Plaintiff states, "The facsimile letters that were sent by Central were not deemed to be court notices by the employees of Plaintiff's counsel who received the same, so the letters were not forwarded to attorneys in the firm." Opposition at 3.

Central's attorney Christina Nugent declares that, on January 8, 2008, she left a voicemail message for Jay Tenenbaum, one of Plaintiff's attorneys, "requesting his participation in the

2

preparation of a Joint Case Management Conference Statement." Nugent Decl. ¶ 3.  Tenenbaum declares, "I did not receive the voice mail message, however, I do not question the veracity of the statement made by Ms. Nugent."  Tenenbaum Decl. ¶ 4.  Counsel for Plaintiff do not state whether the firm received various notices from Central regarding the status of the case in this Court for which Central has provided proofs of service.  See Hering Decl., Exs. A-D.

On March 18, 2008 the Napa court entered an order to show cause regarding the status of the action.  At the April 22, 2008 case management conference, in an effort to bring all parties before this Court, the Court suggested that Central file a motion to dismiss the federal court action for failure to prosecute and a motion to dismiss the state court action because the case had been removed.  See Minute Order, Docket No. 11.

On April 28, 2008 Central filed in the state court a response to the March 18 order to show cause.  Central stated,

> This case is presently pending in the United States District Court for the Northern District of California, Case No. 07-4786.  Cross-complainant Printing Strategy, Inc. and Cross-defendant Central Transport have appeared in that Court.  The Minute Order relating to the most recent Case Management Conference, held April 22, 2008, is attached hereto as Exhibit A.  Therein, the Honorable Claudia Wilken directs Central Transport to file a motion to dismiss the action pending in this Court on the ground that the case has been removed.
> Central Transport requests that this Court dismiss, without prejudice, the action presently pending in this Court on the basis that the entire action was removed to the federal court on September 19, 2007.

Nugent Decl., Ex. C.  This response and the attached Minute Order

3

1 from this Court were served on counsel for Plaintiff by first class
2 and express mail.  See id.
3    Nonetheless, Plaintiff's attorneys state that they did not
4 learn that Central was going to file a motion to dismiss for
5 failure to prosecute until a May 5, 2008 hearing in the Napa court.
6 At that hearing Philbert Seals, the attorney appearing for
7 Plaintiff, stated,

> [W]e've been unaware that we had to or were required to
> make an appearance in the federal court.  We assumed
> that since it had been removed to the federal court,
> that not only the case was removed, but we as attorneys
> were in the federal court. . . .
>    We'll make an appearance in federal court, if that
> is required, and we'll pursue it in federal court.  It
> has been entirely removed to the federal court.  And
> the only reason I don't want it dismissed today is I
> want to make sure that after we're actually of record
> in the federal court, I want to make sure it's going to
> move forward there.

Seals Decl., Ex. A at 5-6.  The Napa court found that it did not
have jurisdiction to dismiss the case because it had been removed
to this Court but stayed the case for six months.  Id. at 6.
Seals declares that, beginning on the date of the state court
hearing, he has attempted to register with this Court's Electronic
Case Files system but has encountered technological difficulties
doing so.
   Counsel for Plaintiff do not dispute that the instant motion
and the notice of hearing was served on the firm.  Indeed, the
calendar clerk declares that she received the notice on May 6, 2008
and calendared the hearing.  Owens Decl. ¶ 6.  The calendar clerk
further declares, "On May 14, 2008, [I] gave the notice to an
attorney in the firm to oppose."  Id.  Randall Baker, the attorney

4

1  to whom the motion was given declares, "On or about May 14, 2008,
2  the Motion to Dismiss For Failure to Prosecute was sent to my
3  office, with a request that I oppose the motion."  Baker Decl. ¶ 4.
4  Baker goes on to declare that "my plate was full, and [] I simply
5  failed to Oppose the Motion."  Id. at ¶ 5.

Counsel for Plaintiff request that the Court deny the motion to dismiss.  In addition counsel declare,

> The Plaintiff is prepared to go forward with the instant case, to participate fully in all matters scheduled hereafter by the court and to try the case, if the same becomes necessary.  The Plaintiff will also pay modest sanctions, after notice and hearing on the same, if the court deems a sanction hearing [] appropriate.

Tenenbaum Decl. ¶ 7.

DISCUSSION

Rule 41(b) provides,

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

The Ninth Circuit has held that, in deciding whether to dismiss a claim for failure to prosecute, the Court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381,

5

1385 (9th Cir. 1988)); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

## I.   Interest in Expeditious Resolution of Litigation and Court's Interest in Docket Control

Here, the first two factors, the public interest in expeditious resolution of litigation and the Court's interest in docket control, clearly weigh in favor of dismissal. The Ninth Circuit has stated that "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (1999).

## II.  Risk of Prejudice to Defendant

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). Although the pendency of a lawsuit is not, in and of itself, sufficiently prejudicial to warrant dismissal, id., "[u]nreasonable delay creates a presumption of injury." Alexander v. Pacific Maritime Asso., 434 F.2d 281, 283 (9th Cir. 1970). Absent Plaintiff's pursuit of its claims against Printing Strategy, Printing Strategy has no claims against Central. Therefore, Plaintiff's failure to pursue this case left Printing Strategy and Central unable to resolve their issues.

The Ninth Circuit has held, "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference

6

to the strength of the plaintiff's excuse for the default." Malone, 833 F.2d at 131. Although Plaintiff's counsel's mishandling of the case was gross and their excuses weak, there is no prejudice to Third Party Defendant beyond the pendency of the lawsuit. The Court finds that this factor weighs slightly in favor of dismissal.

III. Availability of Less Drastic Sanction

Regarding this factor, the Ninth Circuit employs a three-part analysis to determine whether a district court properly considered the adequacy of less drastic sanctions:

> (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?

Adriana, 913 F.2d at 1412-3.

The Court has not imposed less drastic sanctions previously, nor has it warned Plaintiff of the possibility of dismissal. Further, the Court finds that alternative sanctions exist and dismissal would be an inappropriate sanction at this juncture.

CONCLUSION

For the foregoing reasons, the Court DENIES Central's motion to dismiss this case for failure to prosecute (Docket No. 19). However, Plaintiff is warned that any further failures promptly to comply with the Court's rules may result in dismissal of its case.

Defendant Printing Strategy's unopposed motion to amend its cross-complaint to add Charles Bartlett as a defendant and for leave to serve Best Way is GRANTED (Docket No. 12). Printing

7

Strategy has informed the Court that Best Way has changed its name to "TNT Best Way."  As discussed at the hearing, Printing Strategy will need to get a stipulation from the other parties that it may amend the complaint to name TNT Best Way before serving TNT Best Way.  Printing Strategy shall file an amended complaint and serve it on Bartlett and TNT Best Way by June 26, 2008.

As discussed at the hearing, the parties shall meet and confer regarding Plaintiff's counsel's offer to pay sanctions to compensate Defendants for their expenses caused by Plaintiff's attorneys' mishandling of the case to date.  If the parties are unable to reach an agreement, Printing Strategy and Central may file a joint motion for sanctions and notice it for hearing on August 5, 2008.

A case management conference will be held on August 5, 2008. A joint case management statement, including proposed dates for the case, will be due one week prior to the conference.

IT IS SO ORDERED.

Dated: 6/27/08

CLAUDIA WILKEN
United States District Judge

8