HANSON BRIDGETT LLP
WILLIAM D. TAYLOR (51689)
CHRISTINA NUGENT (199646)
cnugent@hansonbridgett.com
980 Ninth Street, Suite 1500
Sacramento, CA 95814
Telephone: (916) 442-3333
Facsimile: (916) 551-3381

Attorneys for CENTRAL TRANSPORT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLESH COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PRINTING STRATEGY, INC.; CHARLES BARTLETT; and DOES 1 through 10, inclusive,<br><br>Defendants.<br>______________________________<br><br>PRINTING STRATEGY, INC.<br><br>Third-party Plaintiff,<br><br>vs.<br><br>CENTRAL TRANSPORT,<br><br>Third-party Defendant. | Case No. C 07-04786 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 5, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 2 |

Plaintiff, The Flesh Company, Defendant/Third-Party Complainant Printing Strategy, Inc. and Third-Party Defendant, Central Transport hereby present this Joint Case Management Statement.

1. Jurisdiction and Service: This action is a civil action of which this Court has original jurisdiction pursuant to Title 28 U.S.C. Sections 1331 and 1337, and is one which may be removed to this Court by Defendant pursuant to Title 28 U.S.C. Section 1441 (a) and (b), in that the action is founded on a claim or right arising under the Constitution, treaties or laws of the United States.

2. Facts: The Flesh Company prepared business forms at the request of Printing Strategy, Inc., and arranged for the transportation of the forms to Printing Strategy, Inc.'s customer. Printing Strategy, Inc. refused to pay for the forms because they were allegedly delivered in a damaged condition. The Flesh Company initiated this collection action to recover sums allegedly owed it by Printing Strategy, Inc. for the business forms. Printing Strategy, Inc. filed a third-party complaint against Central Transport and other carriers alleged to have been involved in the transportation of the forms.

3. Legal Issues: Liability and damages.

4. Motions: Third-Party Defendant Central Transport contemplates a motion for summary judgment regarding liability and/or applicable limitations of liability if the case proceeds.

5. Amendment of Pleadings: N/A.

6. Evidence Preservation: To the best of their knowledge, the parties have preserved all known evidence.

7. Disclosures: The parties have not yet made their initial disclosures. Printing Strategy, Inc. contemplates adding additional parties to its third-party complaint. The parties will complete their initial disclosures within 15 days of the date on which all parties to the action have been named and served, or at such earlier time as the Court may order.

8. Discovery: The parties will initiate written discovery, as necessary, upon scheduling of the case.

9. Class Actions: N/A.

10. Related Cases: None.

11. Relief: Plaintiff seeks payment for damages to goods shipped. Defendant/Third-Party Complainant Printing Strategy, Inc. seeks compensation for damaged goods, which damages are based upon the amount due Plaintiff.

12. Settlement and ADR: The parties have met and conferred regarding ADR options. Defendant/Third-Party Complainant Printing Strategy, Inc. and Central Transport are amenable to participation in Early Neutral Evaluation or an early settlement conference.

13. Consent to Magistrate Judge for All Purposes: Defendant/Third-Party Complainant Printing Strategy, Inc. consents.

14. Other References: Defendant/Third-Party Complainant feels that binding arbitration is suitable. Central Transport is not amenable to binding arbitration at this time.

15. Narrowing of Issues: The parties should be able to agree upon stipulated facts, at least in part, based on the original purchase transaction and relevant transportation documents.

16. Expedited Schedule: Defendant/Cross-Complainant Printing Strategy, Inc. asserts that the simplicity of issues and law makes this case ideal for expedited disposition.

17. Scheduling: Central Transport believes the case should be scheduled.

18. Trial: Court trial requested by Printing Strategy, Inc. and Central Transport.

19. Disclosure of Non-party Interested Entities or Persons: Central Transport has submitted its Certificate of Interested Parties.

20. Disposition: Given the amount in controversy, this case should be sent to ADR as soon as all parties are served.

21. Other: At the Case Management Conference held on June 12, 2008, the Court indicated that Central Transport would be awarded sanctions, upon motion, for The Flesh Company's failure to appear and the related preparation of Central Transport's Motion to Dismiss for Failure to Prosecute. The Court directed the parties to attempt to resolve the sanctions issue between them. The Flesh Company and Central Transport have resolved the sanctions issue to their mutual satisfaction. Therefore, Central Transport did not file a motion with regard to sanctions. Printing Strategy, Inc. has filed a Notice of Motion to Add a Cross-Defendant and to Serve Proposed Cross-

Defendant Late with related documents. To expedite matters, Printing Strategy, Inc. is seeking a stipulation from all parties to do so prior to the hearing on the motion.

Dated: July 29, 2008

VINCENT MARTIN SPOHN, A.P.C.

/s/ Vincent M. Spohn
VINCENT M. SPOHN.
Attorney for PRINTING STRATEGY, INC. and CHARLES BARTLETT aka CHARLES O. BARTLETT

Dated: July 29, 2008

HANSON BRIDGETT LLP

/s/ Christina Nugent
Christina Nugent
Attorneys for CENTRAL TRANSPORT

Dated: July 29, 2008

SEALS & TENENBAUM

/s/ Philbert Seals
Philbert Seals
Attorneys for THE FLESH COMPANY

SIGNATURES UNDER GENERAL ORDER NO. 45

Pursuant to General Order No. 45 of the United States District Court, Northern District of California, I, Christina Nugent -- the ECF User whose User ID and Password are used in the filing of this document -- hereby attest that the concurrence to the filing of this document has been obtained from the other signatory to this document.

/s/ Christina Nugent
Christina Nugent